Yitzchak Zelman, Esq.
California Bar No. 350053
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, NJ 07712
Tel: (732) 695-3282
Fax: (732) 298-6256
Email: yzelman@marcuszelman.com
Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION - RIVERSIDE

| | |
|---|---|
| BRYAN NILA, | Case No. |
| Plaintiff, | |
| v. | COMPLAINT AND |
| MIDLAND CREDIT MANAGEMENT, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

### COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Bryan Nila, by and through the undersigned counsel, and for his Complaint against Defendant, Midland Credit Management, Inc. ("MCM") under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), states as follows:

## JURISDICTION AND VENUE

1. This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d).

2. Venue is proper because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Under 28 U.S. Code § 1391(b)(2) a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

4. Under 28 U.S. Code § 1391(d) when a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state.

5. Plaintiff resides in the city of Riverside, a part of Riverside County, California, 92505.

6. The acts that occurred giving rise to this complaint occurred while Plaintiff was in the city of Riverside, a part of Riverside County, California 92505, making Riverside a proper venue under 28 U.S. Code § 1391(b)(2).

7. Defendant, a Kansas corporation headquartered in Kansas, MCM practices as a debt collector throughout the country, including California.

8. Defendant attempts to collect alleged debts throughout the state of California, including in Riverside city and Riverside County.

9. Defendant is registered with the Secretary of State of California and has a registered agent in the state.

10. Defendant has actual knowledge of where Plaintiff resided, and by attempting to collect from Plaintiff, purposefully availed itself to the jurisdiction in which Plaintiff resided.

11. Defendant has sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in Riverside city and Riverside County and Defendant attempts to collect alleged debts throughout the state of California.

12. As Defendant knowingly attempted to collect on a debt allegedly incurred in Riverside, California, it thus has sufficient minimum contacts with this venue and venue is additionally proper under 28 U.S. Code § 1391(b)(1).

## STANDING

13. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

14. MCM's collection activities violated the FDCPA.

15. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

16. "Without the protections of the FDCPA, Congress determined, the

'[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016)(quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

17. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

## PARTIES

18. Plaintiff, Bryan Nila, (hereafter "Plaintiff"), is a natural person currently residing in the State of Texas.

19. Plaintiff is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

20. Defendant, MCM, is a Kansas corporation with its principal offices at 350 Camino De La Reina, Suite 100, San Diego, 92108 CA.

21. Defendant is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

22. Defendant regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

23. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

24. On a date better known by MCM, MCM began to attempt collection activities on Plaintiff's alleged debt.

25. On or about July 30, 2024, Plaintiff sent two letters to MCM via USPS, stating that he could not and would not pay the alleged debt in regard to two of his accounts with MCM.

26. MCM received the July 30, 2024, letters on August 2, 2024.

27. On or about August 30, 2024, plaintiff again sent refusal to pay letters to MCM in regard to two alleged debts owed to MCM.

28. In the letters, Plaintiff stated that he refused to pay the alleged debt and that he is not disputing the alleged debt.

29. The August 30, 2024, letters were received by MCM on September 10, 2024.

30. The alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

31. This written notification is considered completed upon receipt, pursuant to 15 U.S.C. § 1692c(c).

32. On that date, MCM was aware that Plaintiff was refusing to pay the debt.

33. On that date, MCM was aware that if Plaintiff recovered the funds to pay the alleged debt, Plaintiff would initiate the communication.

34. MCM should have ceased communications with Plaintiff after receiving the refusal to pay letters.

35. Thereafter, on October 3, 2024, MCM sent Plaintiff two letters asking him to remit payment on the two alleged debts.

36. The letters are a "communication" as defined by 15 U.S.C. § 1692a(2).

37. These letters were not for the purpose of confirming collection efforts are being terminated.

38. These letters were not for the purpose of notifying the consumer of any special remedies it may invoke.

39. These letters were not for the purpose of notifying the consumer that intended to invoke a special remedy.

40. After a consumer notifies a debt collector in writing that the consumer refuses to pay a debt, the debt collector may no longer contact the consumer in an attempt to collect the alleged debt.

41. MCM attempted to communicate with the consumer regarding the alleged debt after having written notice that Plaintiff refused to pay the debt.

42. All of MCM's actions complained of herein occurred within one year of the date of this Complaint.

43. MCM's conduct has caused Plaintiff to suffer damages including but not limited to the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding his situation.

44. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

45. Here, Plaintiff has suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of MCM's conduct.

46. Plaintiff's injury-in-fact is fairly traceable to the challenged

representations of MCM.

47. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

48. MCM's collection communications are to be interpreted under the "least sophisticated consumer" standard. See, Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir.1997) (When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.") See Also, Goswami, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.")

### COUNT I: Violations Of § 1692c(c) Of The FDCPA – Communication in Connection with Debt Collection

49. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

50. Section § 1692c of the FDCPA prohibits a debt collector from communicating with a consumer with respect to a debt after a consumer notifies the debt collector in writing that the consumer refuses to pay the alleged debt.

51. MCM was notified of Plaintiff's refusal to pay, but then attempted to communicate with the consumer in violation of § 1692c(c).

52. MCM's violation of § 1692c of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bryan Nila, prays that this Court:

    A.    Declare that MCM's debt collection actions violate the FDCPA;

    B.    Enter judgment in favor of Plaintiff Bryan Nila and against MCM, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

    C.    Grant other such further relief as deemed just and proper.

## COUNT II: Violations Of § 1692d Of The FDCPA – Harassment or Abuse, False or Misleading Representation

53. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

54. Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

55. MCM's communications with Plaintiff could only have been meant to shame and harass the Plaintiff after Plaintiff clearly advised he was refusing to pay the alleged debt.

56. MCM's violation of § 1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Bryan Nila, prays that this Court:

    A.    Declare that MCM's debt collection actions violate the FDCPA;

      B.    Enter judgment in favor of Plaintiff Bryan Nila, and against MCM, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

      C.    Grant other such further relief as deemed just and proper.

## COUNT III: Violations Of § 1692f Of The FDCPA –Unfair Practices

57. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

58. Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

59. MCM's communication with Plaintiff to collect a debt that Plaintiff refused to pay was patently unfair.

60. MCM used unfair and unconscionable means to attempt to collect the alleged debt.

61. MCM's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Bryan Nila prays that this Court:

      A.    Declare that MCM's debt collection actions violate the FDCPA;

      B.    Enter judgment in favor of Plaintiff Bryan Nila, and against MCM, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

      C.    Grant other such further relief as deemed just and proper.

## **JURY DEMAND**

62. Plaintiff demands a trial by jury on all Counts so triable.

DATED: January 13, 2025

                                                              /s/ Yitzchak Zelman
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, NJ 07712
Tel: (732) 695-3282
Fax: (732) 298-6256
Email: yzelman@marcuszelman.com
Attorney for Plaintiff